```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
                                    :
MALIBU MEDIA, LLC
                                    :
    v.                              :   Civil Action No. DKC 15-3202
                                    :
JOHN DOE
                                    :
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff Malibu Media, LLC ("Plaintiff") filed this action for copyright infringement against a John Doe defendant ("Doe"). Presently pending and ready for resolution is a motion to quash filed by Doe. (ECF No. 7). The issues have been briefed, and the court now rules, no hearing deemed necessary. Local Rule 105.6. For the following reasons, the motion to quash will be denied.

Plaintiff alleges that a single Doe defendant utilized the BitTorrent file distribution network to download adult pornographic films subject to copyrights held by Plaintiff. Plaintiff identified Doe only by an Internet Protocol address ("IP address") assigned to a customer on a specific date by an Internet Service Provider ("ISP"). Accordingly, Plaintiff moved to expedite discovery and serve a third party subpoena on the ISP prior to a Rule 26(f) conference in order to obtain the identity of Doe. On October 21, 2015, the undersigned granted

Plaintiff's motion subject to numerous conditions and limitations dictated by the sensitive nature of this action and the uncertainty surrounding the specificity of IP addresses. (ECF No. 5).

On November 24, Doe filed the pending motion to quash the third party subpoena.  (ECF No. 7).  The motion to quash avers that Plaintiff has not presented a *prima facie* claim of copyright infringement, that the subpoena exceeds the scope that the court permitted, and that Defendant faces embarrassment should his name be made public.

Doe first contends that the complaint fails because there is no basis to attribute infringement to "this John Doe" because the only specific allegation is that an investigator downloaded one or more bits of each digital movie file.  Even if the insufficiency of the complaint were a reason to quash the subpoena, it would fail.

Judge Quarles noted, in *Malibu Media, LLC v. Doe*, No. CIV. WDQ-14-748, 2015 WL 857408, at *4, n.9 (D. Md. Feb. 26, 2015), that allegations such as those made here are sufficient to state a claim:

> *See, e.g., Malibu Media, LLC v. Gilvin*, No. 3:13–CV–72 JV, 2014 WL 1260110, at *2 (N.D.Ind. Mar. 26, 2014) ("Plaintiff's allegation that its investigator connected to a computer associated with Defendant's internet account and was able to download bits of Plaintiff's copyrighted movies from

2

> it supports a plausible claim that Defendant
> infringed on Plaintiff's copyrighted works
> by copying and distributing portions of its
> movies."); Malibu Media, LLC v. John Doe 1,
> No. CIV.A. 12-2078, 2013 WL 30648, at *4
> (E.D.Pa. Jan.3, 2013) (denying motion to
> dismiss for failure to state a claim).

Judge Grimm also noted that allegations that an investigator was able to download portions of copyrighted material from a defendant's IP address permits an inference that an entire film was downloaded or copied. *Malibu Media, LLC v. John Doe, IP address 98.231.146.215*, 2014 WL 7188822 *3 (D.Md. Dec. 16, 2014).

Doe's second argument is that the subpoena goes beyond what was permitted by the court's order, namely documents or electronically stored information identifying the Doe Subscriber. Apparently the subpoena seeks name, address, telephone numbers, email addresses and medial access control addresses. Plaintiff claims to be seeking only basic contact information, but nevertheless agrees to modify the request to name and address only. It is not necessary to decide whether, in an appropriate case, the subpoena might be permissible. Here, given the posture of the case, name and address will suffice.

Doe's final argument concerning his privacy interests is resolved by reference to the protective scheme the court has already put in place. The court appreciates the potential for

3

undue reputational harm should Doe's identity be made public, particularly in light of the possibility that the alleged copyright violations were committed by someone other than Doe. There is also potential for a plaintiff to use the threat of reputational harm to abuse these lawsuits and coerce settlements. "But those concerns adequately are addressed by the existing interplay of procedural rules and this Court's order." *Malibu Media, LLC v. Doe*, No. PWG-13-365, 2014 WL 7188822, at *9 (D.Md. Dec. 16, 2014). Moreover, "despite having dozens of suits in this District, there is no indication to date that Malibu has failed to comply with the dictates of the Federal Rules and this Court's orders, and so there is no reason to depart from the procedures currently in place or to buttress the protections for subscribers that already are in place." *Id.*

The protections the court outlined in its October 21 Order protect Doe's privacy interests and ensure the case does not go forward improperly. That order provides that Plaintiff must not disclose Doe's identity publicly absent further order form the court and "may only use it to determine whether, pursuant to Rule 11(b), it has sufficient information to amend the complaint" to name Doe as an individual defendant. (ECF No. 5, at 4-5). Further, "[a]ny amended complaint filed by Malibu naming an individual defendant shall be filed so that the name and any specifically identifying information is redacted from

4

the publically available court docket, with an unredacted copy filed under seal." (*Id.* at 5). In addition, as has become customary in this district through the adjudication of similar cases, Plaintiff is authorized to depose the individual identified as the subscriber to the IP address. Finally, Plaintiff may not conduct further discovery absent a court order, and Plaintiff is prohibited from engaging in coercive settlement negotiations.

Accordingly, it is this 24th day of February, 2016, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion to quash filed by Defendant John Doe (ECF No. 7) BE, and the same hereby IS, DENIED;

2. The subpoena shall be modified to seek only name and address;

3. Plaintiff's motion for extension of time to serve (ECF No. 10) BE, and the same hereby IS, GRANTED. Plaintiff may have 45 days from the date of this Order to effectuate service; and

4. The clerk will transmit copies of this Memorandum Opinion and Order to counsel for the parties.

                                              /s/
                                DEBORAH K. CHASANOW
                                United States District Judge